# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH M. JACKSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 11-CV-507-GKF-FHM |
| JANE STANDIFIRD, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. In response to the original petition (Dkt. # 1), Respondent filed a motion to dismiss (Dkt. # 15). After Petitioner filed a motion to amend (Dkt. # 26) and an amended motion to amend (Dkt. # 27), Respondent filed an amended motion to dismiss (Dkt. # 30), responding to the claim asserted in the amended motion to amend. Petitioner filed a response (Dkt. # 31) to the amended motion to dismiss. Because Respondent has responded to the claim raised in the amended motion to amend by seeking dismissal of the claim, the Court shall grant the amended motion to amend. Upon consideration of the claims raised by Petitioner in his original petition and his amended motion to amend, the Court finds that, for the reasons discussed below, Respondent's amended motion to dismiss shall be granted.

Before proceeding with an analysis of Petitioner's claims, the Court finds that because the amended motion to amend replaces and supersedes the first motion to amend, the first motion to amend (Dkt. # 26) shall be declared moot. In addition, because the amended motion to dismiss replaces and supersedes the original motion to dismiss, the original motion to dismiss (Dkt. # 15) shall be declared moot. Lastly, because this action is dismissed, Petitioner's motion for appointment

of counsel (Dkt. # 23), as amended (Dkt. # 33), and motion for bail pending disposition (Dkt. # 24), as amended (Dkt. # 32), shall be declared moot.

## BACKGROUND

In his petition (Dkt. # 1), Petitioner states that he was sentenced on December 20, 1983, to five (5) years imprisonment on his conviction of Conspiracy to Commit Murder (Count 1), and to life imprisonment on his conviction of First Degree Murder (Count 2), following a jury trial in Oklahoma County District Court, Case No. CRF-83-3152. Petitioner alleges that he is entitled to habeas corpus relief under 28 U.S.C. § 2241 because he has been denied parole in violation of his constitutional rights to due process and equal protection. See Dkt. #s 1 and 27. Respondent states that Petitioner was first considered for and denied parole in July 1999. See Dkt. # 30 at 4. Since 1999, he has been considered for and denied parole eligibility every three years, or in 2002, 2005, 2008, and 2011. Id.

In his original petition, filed August 17, 2011 (Dkt. # 1), Petitioner identified two specific claims as follows:

> Count I: The parole board's action constituted an abuse of discretion in contravention of my fundamental due process right to be free from arbitrary governmental action.
>
> Count II: Denial of equal protection when I was unable to obtain parole.

(Dkt. # 1). In his amended motion to amend (Dkt. # 27), Petitioner identifies a third ground for relief: "denial of due process." See Dkt. # 27. Specifically, Petitioner argues that the word "may" as used in the Oklahoma statute governing parole, Okla. Stat. tit. 57, § 365, is synonymous with "shall" or "must," and results in the creation of a protectable liberty interest. See Dkt. # 27, Ex. A. In response to Petitioner's amended motion to amend, Respondent filed an amended motion to

dismiss, arguing that Petitioner has failed to state a claim upon which relief may be granted. See Dkt. # 30. Respondent also states that Petitioner has presented the claims raised in this case to the Oklahoma state courts in a petition for writ of mandamus, filed at the Oklahoma Supreme Court, Case No. 106,431; a petition filed in Oklahoma County District Court, Case No. CJ-2009-6958; a petition for certiorari, filed at the Oklahoma Supreme Court, Case No. 107,858[1]; another petition for writ of mandamus, filed at the Oklahoma Supreme Court, Case No. 108,763; and a post-conviction petition, filed at the Oklahoma Court of Criminal Appeals, Case No. PC-2011-778. Id. at 2. Respondent avers that the Oklahoma state courts denied relief or dismissed Petitioner's actions. Id.

## *ANALYSIS*

**A. Exhaustion**

Although this petition is filed under the authority of 28 U.S.C. § 2241, Petitioner must nonetheless satisfy the exhaustion requirement applicable to habeas petitions filed under § 2254. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) (citing Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)). Respondent has not provided copies of the state court rulings. However, based on Respondent's representation that Petitioner has presented his claims to the Oklahoma state courts, see Dkt. # 30 at 2, the Court finds the exhaustion requirement is satisfied in this case.

---

[1] Petitioner provides a copy of the order entered by the Court of Civil Appeals of the State of Oklahoma, Division III, on December 17, 2010, in Case No. 107,858. See Dkt. # 27, Ex. J. Petitioner also provides a minute order entered by the Oklahoma Supreme Court on February 25, 2011, denying his petition for certiorari in Case No. 107,858. See id., Ex. I.

**B. Amended motion to dismiss shall be granted**

    **1. No due process interest in parole**

"The threshold requirement [for stating a due process claim] is a sufficient allegation by the plaintiff that the plaintiff possesses a liberty or property interest." Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1570 (10th Cir. 1993). In this case, Petitioner has no liberty interest in parole under the Oklahoma parole statutes. See, e.g., Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole."); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a reduced sentence."). It follows that Petitioner has no claim for violation of procedural or substantive due process. Id. ("To make out a due process claim, appellant must assert the infringement of a protected liberty interest."); Wildermuth v. Furlong, 147 F.3d 1234, 1239 (10th Cir. 1998) (rejecting a claim for a violation of substantive due process because the inmate had no liberty interest in parole).

Because Petitioner has no liberty interest in parole under the Oklahoma parole statutes, he is not entitled specific due process procedures, such as being advised of criteria used in making parole recommendations or being provided written reasons for the denial of parole. In his brief in support of his original petition, see Dkt. # 2, Petitioner acknowledges that he has no liberty interest in parole. However, he complains that "otherwise satisfactory procedures and standards were applied to him in an arbitrary and impermissable [sic] manner." See Dkt. # 2 at 2. He further states that "the Oklahoma Pardon and Parole Board acted arbitrarily by basing its decision on

impermissable [sic] grounds." Id. at 6. According to Petitioner, the Pardon and Parole Board gave no explanation for the July 2011 denial of parole. Id. at 10. He claims that it is "irrational and impermissable [sic] for a parole board to determine that Jackson, with a good institutional record is inherently more dangerous to society and require stiffer deterrents that other similarly situated murderers." Id. at 11. Further, Petitioner contends that when the Pardon and Parole Board "singled out Jackson for harsher treatment solely because of his individual background, the Board was in effect passing sentence upon him for the second time." Id. at 14. He argues that "any attempt by the parole board to justify its decision as in the public interest, or compatible with the welfare of society fails to withstand reasoned analysis." Id. at 16.

In Oklahoma, "there are no written criteria for parole release to guide the Parole Board members in their determinations." Shirley, 603 F.2d at 807. "The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires, and the sole existing statutory criteria dictate only the time of parole consideration." Id. In addition, the Board does not give reasons for denial of parole. Id.; see also Phillips v. Williams, 608 P.2d 1131, 1135 (Okla. 1980). Petitioner offers no factual support for his conclusory allegations that the Board abused its discretion or subjected him to harsher treatment and his claims do not rise to the level of a due process violation. Therefore, the Court finds that Petitioner has not demonstrated that he was denied parole for an arbitrary or unconstitutional reason.

In the due process claim raised in the amended motion to amend (Dkt. # 27), Petitioner attempts to create a liberty interest in parole by arguing that the word "may" as used in the Oklahoma statute governing specialized parole, Okla. Stat. tit. 57, § 365(A), is synonymous with "shall" or "must," and results in the creation of a protectable liberty interest. See Dkt. # 27, Ex. A.

The Court finds Petitioner's argument to be without merit. Petitioner presented this claim to the Oklahoma Court of Civil Appeals, see Dkt. # 27, Ex. J. That court held that section 365 is permissive, not mandatory. Id. This Court agrees. It is well established that the word "may" is permissive and the words "shall" and "will" are mandatory. See, e.g., MLC Mortg. Corp. v. Sun America Mortg. Co., 212 P.3d 1199, 1204 n.17 (Okla. 2009). Petitioner's attempt to create a liberty interest in being considered for parole fails and he has not been deprived of due process.

Because Petitioner has no liberty interest in parole, he has no right protected by due process. Therefore, his claims alleging that he has been denied parole in violation of due process shall be dismissed with prejudice. See Rael v. Williams, 223 F.3d 1153, 1154-55 (10th Cir. 2000).

**2. No factual support for alleged equal protection violation**

In his original petition, Petitioner also claims that he has been denied parole in violation of the equal protection clause of the Constitution. See Dkt. # 1. The Fourteenth Amendment's equal protection guarantee "is essentially a directive that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Petitioner, who states that he is black and was convicted of murdering a white person, see Dkt. # 1 at 7; Dkt. # 2 at 18, makes the unsupported and speculative statement that he was treated differently than paroled inmates convicted of murder whose victims were not white. He complains that he has served 28 years in prison for first degree murder, while other inmates convicted of first degree murder obtain parole in 22 ½ years. See Dkt. # 1 at 7. Where, as here, "bare equal protection claims are simply too conclusory to permit a proper legal analysis," the pleading fails "to raise any plausible equal protection claims." See Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1215 (10th Cir. 2009). Petitioner's allegation that he has been incarcerated longer than other inmates convicted of first

6

degree murder, even if true, provides no factual support for the legal basis of an equal protection claim, i.e., that any difference in treatment is not related to a legitimate penological purpose but is, instead, the result of unlawful discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 682-83 (2009); Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). Therefore, the Court finds Petitioner has failed to state an equal protection claim.

Because Petitioner has failed to provide factual support for his claim that he has been denied parole in violation of the equal protection clause of the United States Constitution, his habeas claim shall be dismissed without prejudice for failure to state a claim. See Rael, 223 F.3d at 1154.

## C. Certificate of Appealability

A certificate of appealability (COA) is required in proceedings under both § 2254 and § 2241. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's amended motion to amend (Dkt. # 27) is **granted**.

2. Respondent's amended motion to dismiss (Dkt. # 30) is **granted**.

3. The due process claims raised in the original petition (Dkt. # 1) and the amended motion to amend (Dkt. # 27) are **dismissed with prejudice for failure to state a claim**. The equal protection claim raised in the original petition (Dkt. # 1) is **dismissed without prejudice for failure to state a claim**.

4. Petitioner's first motion to amend (Dkt. # 26) is **declared moot**.

5. Respondent's first motion to dismiss (Dkt. # 15) is **declared moot**.

6. Petitioner's motion for appointment of counsel (Dkt. # 23), as amended (Dkt. # 33), is **declared moot**.

7. Petitioner's motion for bail pending disposition of petition (Dkt. # 24), as amended (Dkt. # 32), is **declared moot**.

8. A certificate of appealability is **denied**.

9. This is a final Order terminating this action.

10 A separate judgment in favor of Respondent shall be entered.

DATED THIS 4th day of May, 2012.

*[Signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT